945 P.2d 1310

**Tony TOLLENAAR, Dean Scheppel, Grace Scheppel, Debra Powell, and James Larry Powell, Jr., Plaintiffs–Appellants,**

v.

**CHINO VALLEY SCHOOL DISTRICT, a political subdivision of the State of Arizona, Defendant–Appellee.**

No. 1 CA–CV 96–0167.

Court of Appeals of Arizona,
Division 1, Department A.

May 29, 1997.

Reconsideration Denied June 20, 1997.

Review Denied Nov. 12, 1997.

Court of Appeals, Division Two, pursuant to Arizona Supreme Court Order dated January 21,

Beal, Schmidt & Dyer, P.C. by Ted A. Schmidt and Gary J.D. Dean, Tucson, for Plaintiffs–Appellants.

1997.

Jones, Skelton & Hochuli by Georgia A. Staton and Eileen J. Dennis, Phoenix, for Defendant–Appellee.

## OPINION

FIDEL, Judge.

This case, like *Rogers v. Retrum*, 170 Ariz. 399, 825 P.2d 20 (App.1991), arises from a vehicular accident involving high school students driving off campus during the school day. In *Rogers*, we affirmed summary judgment for the school district, holding that it did not subject students to an unreasonable risk of vehicular injury by maintaining an open campus policy. *Id.* at 404, 825 P.2d at 25. In this case, also on appeal from summary judgment, we consider whether a school district subjected students to an unreasonable risk of vehicular injury by failing to enforce a closed campus policy.

## HISTORY

In October 1992, Appellants' minor children were students at Chino Valley High School. A closed campus policy required them to remain on campus from arrival till dismissal, but enforcement of the policy was lax. Shortly after arriving at the high school on the morning of October 23, 1992, Appellants' children left campus in another student's car. As they returned to the school, their car collided with a tractor-trailer. Appellants' children were killed, and another passenger was seriously injured.

Appellants sued the Chino Valley High School District and others not relevant to this appeal, alleging that the school negligently supervised the students. The district moved for summary judgment pursuant to *Rogers*, and the trial court granted its motion, giving rise to this appeal.

## UNREASONABLE RISK

On appeal from summary judgment, we view the evidence and inferences in the light most favorable to the opposing party. *Id.* at

400, 825 P.2d at 21. The district sought summary judgment on the single ground that the school did not breach a duty to its students because its conduct did not subject them to an unreasonable risk of harm. This argument tracked *Rogers*, where we stated:

> Members of our mobile society face the risk of collision whenever they are in cars. This risk is arguably higher for teenage passengers of teenage drivers. The school in this case, however, did nothing to increase this general risk.... It simply chose not to restrict students to campus during the school day and thereby shield them from the ordinary risk of vehicular harm that they would face when out of school. We conclude that ... the defendants' omission did not create an unreasonable risk of harm.

*Id.* at 403, 825 P.2d at 24.

■ The trial court agreed that this case is governed by *Rogers*. So do we, in part. Appellants argue that this school's failure to *enforce* a closed campus policy is distinguishable from failure to *adopt* a closed campus policy in *Rogers*. We acknowledge this distinction, but do not find it helpful to Appellants on the question of unreasonable risk. Here, as in *Rogers*, the school exposed the students only to the ordinary risks of vehicular collision that "[m]embers of our mobile society face ... whenever they are in cars." *Id.* Here, as there, exposure to a foreseeable risk did not amount to exposure to an unreasonable risk. *See id.* at 402, 825 P.2d at 23. Insofar as Appellants attempt to hold the district liable for a breach of the general duty to avoid exposing others to a foreseeable, unreasonable risk of harm, the trial court correctly granted summary judgment.

## VOLUNTARY UNDERTAKING AND RELIANCE

Appellants also attempt to bypass *Rogers* by arguing, pursuant to sections 323 and 324A of the Restatement (Second) of Torts (1965), that the school negligently performed a voluntary protective undertaking.

Section 323 provides:

One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to *liability to the other* for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if

(a) his failure to exercise such care increases the risk of such harm, or

(b) the harm is suffered because of the other's reliance upon the undertaking.

(Emphasis added.)

Section 324A extends identical liability to third persons:

One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to *liability to the third person* for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if

(a) his failure to exercise reasonable care increases the risk of such harm, or

. . . .

(c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

(Emphasis added.)

■ Arizona has adopted sections 323 and 324A. *See Thompson v. Sun City Community Hosp., Inc.*, 141 Ariz. 597, 608, 688 P.2d 605, 616 (1984); *Papastathis v. Beall*, 150 Ariz. 279, 282, 723 P.2d 97, 100 (App.1986). One who undertakes a service that falls within these sections must perform it with reasonable care. *See Jefferson County Sch. Dist. R–1 v. Justus*, 725 P.2d 767, 772–73 n. 5 (Colo.1986).

■ Appellants raised their Restatement theory in the trial court, but failed to support it in their presentation of the evidence. On the element of undertaking, Appellants acknowledged, "There are any number [of] rea-sons why a school might choose a closed campus policy." Yet, Appellants submitted no evidence that this school, in doing so, undertook to provide a service that it recognized, or should have recognized, as necessary for the students' protection. *See* RESTATEMENT §§ 323(b), 324A(c).

Appellants likewise submitted no evidence on the subject of reliance. Appellants alleged in their complaint that they "each reasonably expected their child to be supervised and on school premises at the time of this accident." They also pointed out in argument that two of the students were only fourteen years old, and they invoked our *Rogers* caveat that "parents' supervisory expectations may reasonably differ at differing levels of the schools." 170 Ariz. at 404, 825 P.2d at 25. Yet, Appellants never supported their allegation of reliance with affidavits, deposition testimony, or any other form of evidence. Nor did Appellants present evidence that their alleged reliance on school enforcement bore some causal relationship to this accident.

The Restatement demonstrates how reliance might play a causal role under sections 323 or 324A:

Where the reliance of the other, or of the third person, has induced him to forgo other remedies or precautions against such a risk, the harm results from the negligence as fully as if the actor had created the risk.

RESTATEMENT § 324A cmt. e. Appellants, however, presented no evidence that they forewent other precautions in reliance upon school enforcement. Nor did they outline any other manner by which the school, in inducing their reliance, caused their harm.

■ The district was not obliged in moving for summary judgment to "affirmatively establish the negative" on these issues. *See Orme Sch. v. Reeves*, 166 Ariz. 301, 310, 802 P.2d 1000, 1009 (1990). Rather, Appellants had the burden of supporting their Restatement theory of recovery by "showing that there is evidence creating a genuine issue of

182

fact" concerning the elements of that theory. *Id.* Appellants failed to meet that burden.

## CONCLUSION

Because Appellants neither established that the district subjected their children to an unreasonable risk of harm, nor submitted evidence to support their alternative Restatement theory of recovery, summary judgment for the district is affirmed.

NOYES, P.J., and RYAN, J., concur.